# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/ GREENWOOD DIVISION

| | |
|---|---|
| Eve Amia Brown, | ) |
| Plaintiff, | ) C/A No. 8:18-cv-3482-MBS-JDA |
| v. | ) **OPINION AND ORDER** |
| Andrew Saul, Commissioner of Social Security, | ) |
| Defendant. | ) |

On December 18, 2018 Eve Amia Brown ("Plaintiff"), proceeding with counsel, filed the within action pursuant to 42 U.S.C. § § 405(g) and 1383(c)(3) seeking judicial review of a final decision of Defendant Commissioner of Social Security (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIB").

## I. Relevant Facts and Procedural History

Plaintiff is a thirty-nine-year-old female. R. 448. Plaintiff has an eighth-grade education and has previously worked as a detailer, a commercial cleaner, and a cashier/checker. R. 86-87. Plaintiff has not worked since January 1, 2015, around the time of her alleged disability onset date. R. 77.

Plaintiff filed her DIB claim on January 11, 2015, alleging disability beginning on April 8, 2010. R. 448-449. Plaintiff amended her onset date to January 1, 2015. R. 465. Plaintiff's claims were denied both initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on February 20, 2018, at which Plaintiff and a vocational expert testified. R. 268-298. On March 27, 2018, the ALJ issued an unfavorable decision. R. 72-93. The ALJ determined that since the onset date, Plaintiff suffered from severe impairments of

fibromyalgia and migraines, and non-severe impairments of bilateral carpal tunnel syndrome, restless leg syndrome, adenomyosis of the uterus, gastroesophageal reflux disease (GERD), irritable bowel syndrome, depression, and anxiety. R. 77-78. The ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause *some of* the [pain symptoms Plaintiff alleged]; however, [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." R. 80. Regarding Plaintiff's fibromyalgia and migraines, the ALJ found that they limited Plaintiff's ability to perform more than medium work. R. 79-81. However, in evaluating Plaintiff's fibromyalgia, the ALJ noted that x-rays were "normal." R.80. The ALJ also noted that Plaintiff had numerous "normal" physical exams where Plaintiff more often than not "ambulated without assistance, crossed legs without problems or signs of distress, no edema, no muscle weakness." Id. Furthermore, in evaluating Plaintiff's migraines, the ALJ found that Plaintiff had issues complying with medication regimens, which hampered treatment, but noted a good response to Botox injections. R. 81. Regarding Plaintiff's carpal tunnel syndrome, the ALJ found that it qualified Plaintiff for Residual Functional Capacity ("RFC") limitations of performing medium work and frequently pushing hand controls, handling, and fingering with her upper right extremity. R. 81-82. Regarding Plaintiff's restless leg syndrome, adenomyosis of the uterus, GERD, and irritable bowel syndrome, the ALJ found that they only had a minimal impact on Plaintiff's ability to perform work. R. 82. Regarding Plaintiff's mental illness claims, the ALJ determined that a "lack of seeking mental health treatment and the vast majority of mental health mental exams as being normal" made her claimed depression and anxiety non- severe. Id. In reaching his conclusions, the ALJ considered testimony from Plaintiff's husband, Shaun Brown, who, in contrast to Plaintiff, testified that

Plaintiff's chief aliment was her migraines rather than her fibromyalgia. The ALJ also considered evidence that Plaintiff completed a variety of daily activities, including chores, childcare, driving, caring for a pet, cooking, and shopping. Finally, the ALJ considered evidence that Plaintiff was occasionally non-compliant with prescribed medication regimes. R. 81-85. The ALJ gave great weight to the opinion evidence submitted by Dr. Christopher Jennings, Plaintiff's treating physician. R. 85. The ALJ gave little weight to the opinion of Nurse Cooper-Gilmer,[1] a registered nurse, and little weight to the testimony of Plaintiff's husband.[2] R.86.

In consultation with the vocational expert, the ALJ determined that due to Plaintiff's limitations, Plaintiff could not perform any of the previous jobs she held. R. 86-87. Nonetheless, the ALJ determined that based upon Plaintiff's age, education, work experience, and residual functional capacity, there were jobs "that exist in significant numbers in the national economy" Plaintiff could still perform. R. 87. The ALJ listed Dietary Aide, Laundry Laborer, and Furniture Cleaner as possible jobs Plaintiff could perform. R. 88. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act. Id.

Plaintiff filed an appeal of the ALJ's decision with the Appeals Council on March 30, 2018. R. 1. The Appeals Council dismissed Plaintiff's appeal, making the ALJ's decision the final determination of the Commissioner. Id.

Plaintiff asserts that the Commissioner's determination is not supported by substantial evidence. ECF No. 1. On July 1, 2019, Plaintiff filed her brief challenging the Commissioner's

---

[1] The ALJ reasoned that Nurse Cooper-Gilmer was not a medically acceptable treating source, and only completed a "check the box form" which outlined a physician's diagnosis, related treatment, and Plaintiff's reported symptoms. The ALJ also found that Nurse Cooper-Gilmer's opinion was not consistent with the record. R. 86.

[2] The ALJ reasoned that Shaun Brown's testimony was only partially consistent with Plaintiff's allegations. The ALJ further reasoned that Shaun Brown was interested in the outcome of Plaintiff's case, and that he was not a medical expert. R. 86.

3

determination. ECF No. 19. Plaintiff first asserts that the ALJ failed to explain how Plaintiff's migraines, fibromyalgia, depression, and anxiety were reflected in the RFC assessment. Id. at 11. Plaintiff specifically argues that the ALJ did not sufficiently explain how he reached his conclusions--namely, that the ALJ discounted Plaintiff's testimony about her migraines, that the ALJ did not acknowledge Plaintiff's pain and fatigue associated with her fibromyalgia, and that the ALJ did not explain why mental impairments did not result in RFC limitations. Plaintiff next asserts that the ALJ erred in his consideration of evidence of Plaintiff's non-compliance with medication regimes, evidence of her daily activities, and her husband's testimony that Plaintiff's primary ailment was migraines and not fibromyalgia. Id. at 25.  On August 9, 2019, the Commissioner filed a brief in opposition, asserting that the ALJ made specific findings of fact and his decision was supported by substantial evidence. ECF No. 22.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Jacquelyn D. Austin for a Report and Recommendation ("Report").  On January 16, 2020, the Magistrate Judge filed her Report.  ECF No. 31.  The Magistrate Judge found that "the ALJ adequately discussed the evidence in the record and addressed each function for which he found Plaintiff had limitations." Id. at 24. Additionally, the Magistrate Judge found that "Plaintiff, who has the burden at Steps 1 through 4 of the five-step evaluation process . . . has failed to direct the Court to any evidence the ALJ failed to consider or improperly summarized . . . ." Id.  Specifically, the Magistrate Judge found that the ALJ's decision to assign minor weight to the opinion of Nurse Cooper-Gilmer was appropriate as she is not a medically acceptable treating source. Id. at 26 (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). The Magistrate Judge also found that the ALJ adequately explained his consideration of Plaintiff's mental impairments and fibromyalgia. Id. at 26-27. The Magistrate

4

Judge therefore recommended that the decision of the Commissioner be affirmed. Id. at 27. On January 27, 2020, Plaintiff filed objections to the Magistrate Judge's Report. ECF No. 33. The Commissioner filed a response to Plaintiff's objections on February 10, 2020, ECF No. 34, to which Plaintiff filed a response on February 13, 2020. ECF No. 37.

This matter is now before the court for review of the Magistrate Judge's Report. The court is charged with making a de novo determination of any portions of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28. U.S.C. § 636(b).

## II.     Standard of Review

A court should review de novo only those portions of a Magistrate Judge's Report to which specific objections are filed and review those portions to which only "general and conclusory" objections have been made – for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Opriano v. Johnson, 687 F.2d 44, 77 (4th Cir. 1982).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 4059(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is

5

supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that [her] conclusion is rational." Vitek, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. Richardson v. Perales, 402 U.S. 389, 401 (1971).

### III.     Applicable Law

An individual is eligible for DIB benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433, if he or she is insured, has not attained retirement age, has filed an application for DIB, and is under a disability as defined in the Act. 42 U.S.C. § 423(a)(1). Under Title XVI of the Act, 42 U.S.C. §§ 1381-3(f), benefits are available to an individual who is financially eligible, files an application, and is disabled as defined in the Act. 42 U.S.C. § 1382. An individual is determined to be under a disability only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). The disabling impairment must last, or be expected to last, for at least twelve consecutive

6

months. See Barnhart v. Walton, 535 U.S. 212, 214-15 (2002). Additionally, for DIB benefits, the claimant must prove he was disabled prior to his date last insured. Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012) (citing 42 U.S.C. § 423(a)(1)(A), (c)(1); 20 C.F.R. §§ 404.101(a), 404.131(a)).

The Commissioner has developed the following five-step evaluation process for determining whether a claimant is disabled under the Act: (1) whether the claimant engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable impairment; (3) whether the impairment meets or equals the severity of an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from having substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(v). Through the fourth step, the burden of production and proof is on the claimant. Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983). At step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience. Id. If at any step of the evaluation the ALJ can find an individual is disabled or not disabled, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

### IV. Discussion

Plaintiff contends that the ALJ erred in evaluating her migraines, her fibromyalgia, and her mental impairments. ECF No. 33. In essence, Plaintiff argues that the Magistrate Judge did not explain why she agreed with the ALJ's assessment, and that the ALJ did not provide adequate explanation for why he evaluated Plaintiff's symptoms as he did. Id. at 3,4,6.

Furthermore, Plaintiff asserts that the ALJ's "reasons for discounting the severity of [Plaintiff's] symptoms are unsupported." Id. at 33. Specifically in this regard, Plaintiff asserts that the ALJ erred in considering Plaintiff's daily activities and erred in his consideration of Plaintiff's husband's testimony. Id. at 6-8.

Plaintiff presents no new arguments to the court. Rather, Plaintiff's objections mirror the grounds for relief she asserted in her brief in support, and now assert that the Magistrate Judge failed to address those grounds for relief. To the contrary, the Magistrate Judge's report provided a thorough analysis of each of Plaintiff's claims. The Magistrate Judge was able to follow the ALJ's reasoning regarding Plaintiff's migraines, fibromyalgia, and mental impairments, which explained why he assigned limitations as he did and how he weighed testimony. In discussing Plaintiff's migraines, the Magistrate Judge stated that the ALJ was correct in assigning minor weight to the opinion of Nurse Cooper-Gilmer, as she was not a medically acceptable treating source. ECF No. 31 at 26. The Magistrate Judge stated that in considering Plaintiff's fibromyalgia pain and fatigue, "the ALJ clearly and expressly outlined his consideration of the medical evidence and Plaintiff's testimony regarding her fibromyalgia pain and determined that it limited her to medium work." Id. The Magistrate Judge elaborated that Plaintiff "failed to identify what additional limitations were warranted that the ALJ failed to consider . . . ." Id. at 27. The Magistrate Judge also found that "the ALJ explained that the longitudinal record contained no mental health treatment notes and that primary care mental exams were normal," thus explaining why he did not impose RFC limitations for Plaintiff's alleged mental health issues. Id. at 26. Furthermore, the Magistrate Judge was able to follow the ALJ's reasoning regarding evidence of non-compliance and her husband's testimony. The Magistrate Judge reasoned that the ALJ "expressly considered the factors required under the regulations, including

8

activities of daily living, medications and other treatment received, and third party testimony, but found them inconsistent with a finding of total disability . . . [t]he ALJ explained that no one inconsistency or conflict found was dispositive, but that the record as a whole supported his finding that Plaintiff's statements about the limiting effects of her symptoms were inconsistent with the medical evidence or other evidence." Id. at 27. In so evaluating the totality of the ALJ's reasoning, the Magistrate Judge found that the Commissioner's decision was supported by substantial evidence and was not based upon an improper legal standard. The Magistrate Judge agreed that despite Plaintiff's limitations and inability to preform past work, jobs still exist so that Plaintiff can continue to have gainful employment. The court agrees. Plaintiff's objections are without merit.

## V. Conclusion

After reviewing the entire record, the applicable law, the briefs of the parties, the findings and recommendations of the Magistrate Judge, and Plaintiff's objections, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. ECF No. 31. For the reasons set out here and in the Report, the Commissioner's final decision is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

March_2__, 2020
Charleston, South Carolina